Taggart, Donahue and Voorhees, JJ., of the fifth circuit, sitting in the Franklin circuit judges.

STATE EX REL. ATTY. GEN. v. NATIONAL CASH REGISTER CO.

1. MOTION LIES TO STRIKE REDUNDANT AND IRRELEVANT MATTER FROM PETITION IN QUO WARRANTO.

    A motion will lie in an action for quo warranto to strike from the petition redundant and irrelevant matter which is prejudicial to the defendant.

2. IN QUO WARRANTO AGAINST CORPORATION PLEADING GENERALLY USURPATION AND MISUSER OF FRANCHISE SUFFICIENT.

    A petition in an action for quo warranto against a corporation is sufficient which charges the defendant, in general terms, with usurping and misusing corporate privileges and franchises, and with exercising powers and privileges inhibited by law, without specifying in detail the particulars in which the corporation is usurping, misusing and exercising such powers, privileges and franchises.

3. SPECIFICATION OF PERTINENT PARTICULARS CONSTITUTING USURPATION OF CORPORATE RIGHTS NOT PREJUDICIAL.

    Where the petition in an action of quo warranto against a corporation, after charging the defendant in general terms with usurping and misusing corporate powers and franchises, and with exercising privileges and franchises inhibited by law, also proceeds to specify in detail some of the particulars of such usurpation and misuser, such specification of particulars, if pertinent to the inquiry, is not prejudicial and will not be stricken out on motion.

Franklin County.

4. UNLAWFUL TRUST FORMED BY CORPORATION AND OFFICERS NOT AVOIDED BY DIS-
SOLUTION OF OLD AND CREATION OF NEW TRUST CONTINUING UNLAWFUL CON-
SPIRACY.

When an unlawful trust or conspiracy against trade has been formed by
a corporation and its officers, stockholders and agents, the trust or con-
spiracy does not lose its identity by the action of the participants in
dissolving or abandoning the corporation and transferring its property
and business to a new corporation organized by them for the purpose
of continuing the unlawful trust or conspiracy; and if the new com-
pany so organized continues the trust or conspiracy already formed, it
and its participating officers, stockholders and agents must answer for
the previous acts of the old company and its officers, stockholders and
agents committed in furtherance of the common design.

5. IN QUO WARRANTO INQUIRY BY STATE MAY BE MADE AS TO ALL ACTS OF PAR-
TICIPANTS SUBSEQUENT TO FORMATION OF TRUST PROSCRIBED.

In an action of quo warranto charging a corporation with forming and
being a party to a trust and conspiracy against trade in violation of the
Ohio antitrust act (93 O. L. 143), the state may inquire as to all acts
committed by any participant from the time it is alleged that the trust
or conspiracy was formed.

6. TRUST FORMABLE BY CORPORATE OFFICERS, ETC., WHO MAY BE COUNTED IN
MAKING PARTIES.

A corporation and its own officers, stockholders and agents, without the
participation of others, may be guilty of forming a trust and conspiracy
against trade in violation of the Ohio antitrust act (93 O. L. 143), and
all, including the corporation, may be counted in making up the two
or more necessary parties.

[Syllabus by the court.]

QUO WARRANTO.

**U. G. Denman,** Atty. Gen., for plaintiff.
**Wilson & West,** for defendant.

## PER CURIAM.

This case is submitted to this court upon a motion to strike out
parts of the petition and to make the petition definite and certain.

While we have given full consideration to all the questions raised
by this motion, we do not think it necessary or advisable at this time
to discuss them in detail in this memorandum.

The plaintiff insists that no motion will lie to the petition either
to strike redundant or irrelevant matter therefrom, or to make the
petition definite and certain. Section 6760 Rev. Stat. designates a
proceeding in quo warranto as a civil action, to be brought in the name
of the state. Section 6772 provides what pleadings are to be filed after
the petition, and these pleadings are the same as are authorized by the
civil code. It would, therefore, appear that this motion is properly
filed in this case.

The motion seeks to strike from the petition certain allegations
therein contained, as being redundant and irrelevant. It is claimed,

in support of this motion, that if all these matters and things sought to be stricken out were fully proven in the trial of the case, it would not entitle the state to a decree as prayed for in its petition. In the case of *State* v. *Canal Co.* 23 Ohio St. 121, 126, the Supreme Court says:

"The office of an information in the nature of a quo warranto, is not to tender an issue of fact, but simply to call upon the defendant to show its warrant or charter for exercising the privileges and franchises named."

It would appear from this, as well as from many other authorities in this and other states, that whenever the state calls upon a defendant to show by what authority it exercises corporate franchises, the allegations in the petition of the attorney-general may be of the most general character. But the attorney-general, in the case at bar, has seen fit not only to set forth the powers granted by the state, and to aver that the defendant is proceeding to abuse and misuse these corporate franchises and privileges so granted, and is assuming and exercising rights, privileges and franchises not granted by its charter and especially inhibited by law, but has also specified in detail the particulars in which the state claims that this defendant has violated its corporate franchises, and the particulars in which it has misused the same and wherein it is assuming to exercise rights, privileges and franchises especially inhibited by law.

It is perhaps true that the petition would have been sufficient for the purposes of this case if it had closed with the last paragraph on page five of the printed copy of the petition, followed by an appropriate prayer for the relief desired. Yet it cannot be prejudicial to the defendant that the attorney-general in this petition, or information, has set out in detail the matters and things complained of. So that the only question is as to whether these matters and things so set out are pertinent to the inquiry, and, if proven, whether they would amount to such misuse and abuse of its franchise or to an exercise of unlawful powers, authorizing the courts to revoke its charter. This petition sets forth in detail the organization of prior and successive corporations in this state and in New Jersey for the purpose of conducting the business and property to which this defendant has, in its turn, succeeded; and also charges these former corporations with being parties to the original conspiracy which has been maintained through all the life of each of said corporations, and is still being maintained by the corporation, now defendant herein. The defendant asks that all

of that be stricken out for the reason that it cannot be responsible for the acts of other corporations, committed before it was in existence. This, perhaps, as an abstract proposition of law, is correct; but the charge here is that this present corporation is composed of the same stockholders, having the same officers and agents as each of the former corporations, and that it is, in fact, identical in body and mind with each of the original corporations, and that this identity has been maintained at all times since the original conspiracy, as charged, was formed. It is true that each corporation is a separate legal entity, but, as stated by the Supreme Court of Ohio, in the first paragraph of the syllabus in the case of *State* v. *Oil Co.* 49 Ohio St. 137 [30 N. E. Rep. 279; 15 L. R. A. 145; 34 Am. St. Rep. 541], this "legal entity, apart from the natural persons who compose it, is a mere fiction, introduced for convenience in the transaction of its business, and of those who do business with it; but * * * when urged to an intent and purpose not within its reason and policy, may be disregarded."

It would be absurd to say that certain individuals could organize themselves into a body politic and corporate, which fictitious entity might become a party to a conspiracy to violate the laws of the land in the creation of a trust and monopoly and in the destruction of competition, that when it had contributed by its efforts and its capital largely to this end, that these same individuals might abandon that corporation lest they and it be punished for the wrong and its charter revoked, organize a new and independent corporation to take its place in the conspiracy so that the business might go on uninterrupted and unchallenged by the state and this new corporation, or new conspirator, joining the conspirators in the furtherance of the common design, and accepting all the property, benefits and advantages already acquired for it by the united efforts of the former corporation and its coconspirators, and yet be exempt because it had no part in the original conspiracy.

The supreme court of Illinois, in the case of *Cooke* v. *People,* 231 Ill. 9 [82 N. E. Rep. 863], has declared that

"Every person entering into a conspiracy already formed is deemed, in law, a party to all acts done by any of the other parties, before or afterwards, in furtherance of the common design; and the entry of such person into a conspiracy already formed does not make a new and distinct conspiracy."

We are, therefore, of the opinion that the state may inquire, and the court may be advised, as to all acts done or committed by any

· State v. Cash Register Co.

party to this conspiracy from the time it is charged that the same was formed; and that the state cannot be restricted to the few acts and things that may have happened since the joining of a new member to the conspiracy.

True, it is this new member whose conduct is to be inquired of, and it is not to be punished for the acts and wrongs of others unless it has become party to the wrongs complained of and has taken its place in the conspiracy charged, and is doing and is performing the things charged against it. But, in order that its conduct may be understood, and that the court may be fully advised in relation thereto, it is perfectly proper to show not only what is being done, but what has been done by others in the furtherance of this conspiracy from the moment of its inception down to the present time; and the motion in that respect will be overruled.

The next important question raised by the motion and particularly urged upon our attention is the repeated charge in this petition that this defendant corporation has combined and conspired with divers of its officers and directors, stockholders, agents and others to create and maintain a trust and monopoly; and we are asked to strike from this petition the averment that it has conspired with its officers, directors, stockholders and agents, for the reason that a corporation cannot enter into a conspiracy with those officers and agents in charge of its affairs.

If this prosecution is to be measured by the Valentine act (93 O. L. 143), then we are of the opinion that these officers and agents may be counted as one of the necessary parties to a conspiracy, and the corporation may be counted as the other. In the case of the *Standard Oil Co.* v. *State,* 117 Tenn. 618 [100 S. W. Rep. 705; 10 L. R. A. (N. S.) 1015], the supreme court of that state declared that a corporation and its officer or agent, engaging in a criminal or unlawful conspiracy, must both be held to be parties to it, and must both be considered and counted in computing the necessary number of two or more to constitute a conspiracy. We think this is the correct doctrine. Any other rule would make a conviction impossible in most of these cases, for it would only be necessary for the corporation to employ as its agent any of the individuals, firms, or other corporations to carry out the purposes and intention of the conspiracy, and that employment would then eliminate such agents from the unlawful compact, and insure immunity from all prosecutions. So that it must be held to be the law

Franklin County.

that whenever any individual, whether he be an officer or an agent of a corporation or not, joins with that corporation in an unlawful enterprise, he becomes one of the parties to that enterprise, and may be counted as such in determining whether a conspiracy existed or not. For that reason, the motion in that respect must be overruled.

It is also insisted in support of this motion that there are a great many redundant statements and much irrelevant matter pleaded. We are inclined to the belief that there is some redundancy here that ought to have been avoided, but it would be difficult to separate now and would create more confusion than if it were permitted to remain.

The only object in striking out redundant matter is to simplify the pleadings and to make plain the issues in the case. We think no good would be accomplished here in endeavoring to strike out any statement that appears to be redundant. The petition, as it now stands, is not obscure in any particular, and does not encumber the record to any grievous extent, and we, therefore, overrule the motion in that particular.

As we have already said, this petition would perhaps be sufficient without the averment of the specific wrongs complained of, but we do not think that that is prejudicial to the defendant, or that the same are immaterial or irrelevant, or in any way embarrasses it in making its defense.

Therefore, that part of the motion is overruled.

It is also asked in this motion to compel the plaintiff to make the petition definite and certain We have already said that it is now more than can be required in that behalf. It is definite and certain, and avers and specifies, in detail, the acts and things complained of; the manner in which said defendant is charged with misusing its corporate franchises and privileges; its assumptions of powers and privileges not granted, and the exercises of powers and privileges inhibited by law.

There are other questions raised by this motion which we do not think necessary to discuss at this time. It is sufficient to say that the motion as a whole is overruled, and the exceptions of the defendant are noted.

The defendant may have leave to further plead in thirty days from the date of the entry of the overruling of this motion.